1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | FELIPE LÓPEZ-URIBE, | ) Civil No. 3:12-cv-02379-AJB |
| 13 | Plaintiff, | ) [Related Criminal No. |
| | v. | ) 3:11-cr-01282-AJB-1] |
| 14 | | ) |
| | UNITED STATES OF AMERICA, | ) **ORDER DENYING PETITIONER'S** |
| 15 | | ) **MOTION TO VACATE UNDER 28** |
| | Defendants. | ) **U.S.C. § 2255** |
| 16 | | ) |
| 17 | ———————————————— | ) [11-cr-1282, Doc. No. 61] |

18    Felipe López-Uribe ("Petitioner") moves this Court to reduce his time in federal custody

19  pursuant to 28 U.S.C. § 2255, arguing that the 1995 United States Attorney General Memorandum

20  offers up to two levels downward departure from the applicable guideline sentencing range in return for

21  an alien's concession of deportability and agreement to accept a final order of deportation, and that

22  based on his alien status, he cannot be housed in a minimum security facility or community corrections

23  center, which should be taken in to consideration, and a downward departure granted.  For the following

24  reasons, the Court **DENIES** the motion.

25                            *DISCUSSION*

26    On November 10, 2011, pursuant to the findings and recommendation of Magistrate Judge

27  Adler, Petitioner pled guilty to Count 1 of the Superseding Indictment in Criminal Case No.

28  11CR01282-AJB charging a violation of 8 U.S.C. § 1326 (a) and (b).  *See* Amended Findings and

1   Recommendation, Doc. No. 22.  This Court sentenced Petitioner on September 6, 2012 to forty-six (46)

2   months imprisonment and two (3) years of supervised release.  *See* Judgment Doc. No. 59.

3       Title 28 of the United States Code, Section 2255 provides that if a petitioner's motion, file, and

4   records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss

5   the motion without sending it to the United States Attorney for response.  *See* 28 U.S.C. § 2255(b).  The

6   rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal

7   of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the

8   face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is

9   not entitled to relief . . ." Rule 4(a), Rules-section 2255 Proceedings (West 2009).  Thus, when a movant

10  fails to state a claim upon which relief can be granted, or when the motion is incredible or patently

11  frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows,* 872 F.2d

12  915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

13      A defendant may waive his right to file a § 2255 motion to challenge his sentence, but such a

14  waiver must state so expressly.  *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000).  However, a

15  defendant may not waive an ineffective assistance of counsel claim challenging the knowing and

16  voluntary nature of the plea agreement or the voluntariness of the waiver itself.  *United States v.*

17  *Rahman,* 642 F.3d 1257, 1259 (9th Cir. 2011); *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th

18  Cir. 2005).  At Petitioner's sentencing in front of this Court, Petitioner acknowledged that in pleading

19  guilty he was waiving "all Appeal rights." (3:11-cr-01282-AJB, Doc. No. 58.)

20      The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is

21  "perhaps the most important benefit of plea bargaining" *United States v. Navarro-Botello*, 912 F.2d

22  318, 322 (9th Cir. 1990).  Courts will generally enforce a defendant's waiver of his right to appeal if: (1)

23  "the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on

24  appeal," and (2) "the waiver is knowingly and voluntarily made."  *United States v. Martinez*, 143 F.3d

25  1266, 1270-71 (9th Cir. 1998).  The Court concludes that both of these requirements are met in this case.

26  Accordingly, Petitioner's motion is barred and must be dismissed because of his plea agreement waiver.

27      Even if Petitioner had not waived his right to attack his conviction and sentence, Petitioner's

28  motion would fail on the merits.  Petitioner lacks any support for his arguments that the Court should

make a further departure because: (1) the United States Attorney did not offer up to two points downward departure for accepting a final order of deportation and (2) he is a deportable alien and not eligible for housing in a minimum security prison or community corrections placement. What the United States Attorney chooses to offer as part of any plea agreement is within the province of the United States Attorney. The Court is prohibited from participating in the plea bargaining process. Fed. R. Crim. P. 11(c)(1).

At sentencing, and by statute, the Court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." In sentencing Petitioner, this Court considered all of the potential departures available in determining the advisory guidelines applicable in this case. The Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990).

In addition, under 18 U.S.C. § 3553(b) and by law, the Court can depart outside the Advisory Guideline System for reasons set forth in the factors of and policy reasons behind the Federal Sentencing Statute, 18 U.S.C. § 3553(a).  All relevant factors were taken in to consideration at the time of Mr. López-Uribe's sentence, including his pending alien status, pending deportation and placement, and other options regarding his custodial sentence.

### ***CONCLUSION***

Based on the foregoing reasons, the Court DENIES Petitioner's Motion to Vacate Under 28 U.S.C. § 2255. [Doc. No. 61].


IT IS SO ORDERED.


DATED:  October 11, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

3:11-cr-01282-AJB-1